**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**UNITED STATES OF AMERICA,**

      - against -                          03 Cr. 1104 (JGK)

**FERNEY DARIO RAMIREZ,**                MEMORANDUM OPINION AND
                                                  ORDER
                Defendant.

────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The pro se defendant moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence in light of Amendment 782 to the United States Sentencing Guidelines, which generally reduced the offense levels for controlled substance offenses by two levels.

    In this case, in the Judgment dated June 7, 2006, the Court concluded that the defendant's offense level was 42, his Criminal History Category was II, and the defendant's Guidelines Sentencing Range was 360 months to life. The Court downwardly varied from the Guidelines Range by a substantial amount, and imposed a sentence principally of 220 months imprisonment on Count 1 of the Indictment. After a two-level reduction, the defendant's new offense level would be 40, which, at Criminal History Category II, results in an amended Guidelines Range of 324 to 405 months. Because the Court imposed a sentence that is

below the minimum Guideline of the amended Guidelines Range, and because the Court's initial variance was not based on the defendant's substantial assistance to the Government, the defendant is not eligible for a reduction in sentence.  See U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."); Dillon v. United States, 560 U.S. 817, 822 (2010); see also United States v. Karkenny, No. 06cr143, 2015 WL 161616, at *1 (S.D.N.Y. Jan. 13, 2015).

The defendant argues that the Court should impose a sentence that takes into account that the Court originally varied downwardly below the Guidelines Range in effect at the time of sentencing, and that the Court should apply a similar reduction now.  But that argument is plainly foreclosed by the language of the Guidelines as they exist today and pursuant to which the Court is considering the motion for a reduction of sentence.  "[I]n the absence of a sentencing departure based on substantial assistance, the Court is not permitted to 'reimpos[e] departures or variances imposed at the defendant's original sentencing hearing.'"  United States v. Salinas-Doria, --- F. Supp. 3d ---, No. 01cr021, 2015 WL 4389536, at *2 (S.D.N.Y. July 8, 2015) (quoting U.S. v. Erskine, 717 F.3d 131, 137 (2d Cir. 2013)).  While the defendant contends that he has

provided substantial assistance, the exception applies only if the Court imposed a below Guidelines sentence at the time of sentencing "pursuant to a government motion to reflect the defendant's substantial assistance." U.S.S.G. § 1B1.10(b)(2)(B). The Government did not make such a motion in this case and the Court did not reduce the defendant's sentence on such a basis.

    The defendant's motion for a reduction of his sentence is therefore **denied. The Clerk is directed to close Docket No. 67.** The **Clerk is also directed to close Docket No. 69** because the Court has directed the Pro Se Office to respond to the plaintiff's request for the docket sheet.

**SO ORDERED.**

**Dated:**    **New York, New York**
            **July 23, 2015**              _____/s/_____
                                                    **John G. Koeltl**
                                      **United States District Judge**