UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES,

    - against -

FERNEY DARIO RAMIREZ,

    Defendant.

03 CR 1104 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The defendant, Ferney Dario Ramirez, seeks an order requiring the Government to move for a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35. The defendant claims that he provided substantial assistance to the Government and that the Government wrongfully withheld the Rule 35 motion. The Government opposes the defendant's application, arguing that it did not make any promise to provide a Rule 35 motion and further did not withhold a Rule 35 motion based on any impermissible basis.

I.

The following facts are drawn from the defendant's brief and affidavit in support of his request for a Rule 35 motion as well as from prior decisions of this Court.

On May 6, 2004, the defendant pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. Ramirez v. United States, No. 09-cv-4397 (JGK), 2011 WL

1795145, at *1 (S.D.N.Y. May 6, 2011). On February 3, 2005, the defendant, with the aid of new counsel, submitted a letter requesting to withdraw his plea. Id. at *2. The Court granted the defendant's request to withdraw his plea and held a Fatico hearing to resolve factual disputes relating to the defendant's sentence. Id. at *3-4. After the Fatico hearing, the Court sentenced the defendant principally to 210 months' imprisonment followed by five years' supervised release. Id. at *5. The defendant is currently serving his sentence at the D. Ray James Correctional Facility in Folkston, Georgia. Ramirez Aff. at 1. He has a projected release date of January 15, 2019. Def.'s Mot. Compel 2.

Currently pending before the Court is a motion by the defendant to compel the Government to provide him with a Rule 35 motion to reduce his sentence. The defendant argues that he has provided substantial assistance to the Government. In his affidavit in support of the motion, he swears that he has been "willing to cooperate with the U.S. Government" since his arrest. Ramirez Aff. ¶ 1. Specifically, the defendant notes that he has provided assistance regarding two different criminal matters on at least three separate occasions.

First, in 2008, the defendant was debriefed by Marisol Gonzalez, an FBI Special Agent from Tampa, Florida, and another FBI agent regarding Rigoberto Castro and Rigo Jalapatas.

2

Ramirez Aff. ¶ 3. The defendant swears that he answered all the FBI agents' questions "to their satisfaction," and that, at the conclusion of the meeting, the agents "promised" him a Rule 35 motion. Ramirez Aff. ¶ 3. A year later, in 2009, the defendant swears that he was again debriefed by Gonzalez and another FBI agent about Rigoberto Castro and Castro's wife, Esperanza. Ramirez Aff. ¶ 4. The defendant states that he was never provided with a Rule 35 motion as a result of these debriefings. Ramirez Aff. ¶ 5. Instead, when the defendant's attorney, Nelson Alfaro, inquired with Gonzalez regarding the status of the defendant's Rule 35 motion, Gonzalez told him that "another agency" had arrested Castro. Ramirez Aff. ¶ 5.

Second, in June 2010, the defendant swears that he was debriefed by Alan Bode, an Assistant United States Attorney ("AUSA") for the Eastern District of New York ("EDNY"), regarding the case against Carlos Arturo Patino Restrepo, also known as Patemuro. Ramirez Aff. ¶ 8. The defendant was transferred to the EDNY for this meeting, which lasted approximately three hours. Ramirez Aff. ¶ 8. The defendant claims that he was "held in Brooklyn for over [seven] months in the event Mr. Patino proceeded to trial," and that he was put on the witness list for the trial but that he never received a Rule 35 motion recognizing his assistance. Def.'s Mot. Compel 2.

3

The defendant also swears that, sometime in 2008 or 2009, his attorney contacted an AUSA in Miami, Florida, and offered testimony for the trial of Hernan Prada Cortes. Ramirez Aff. ¶ 6. The defendant does not argue that anything came from this offer or that he actually provided any assistance to the Government with respect to the Cortes trial. Ramirez Aff. ¶ 6. He also states that, in this same time period, Adam Fels, an AUSA in Miami, contacted his attorney "to find out if [the defendant] was willing to cooperate and testify against Mauricia Henao Toro at sentencing." Ramirez Aff. ¶ 7. The defendant swears that such cooperation was "rejected by AUSA Goldberg" from the Southern District of New York ("SDNY"). Ramirez Aff. ¶ 7.

The defendant argues that he is entitled to a Rule 35 motion based on his substantial cooperation as outlined above. He claims that he had an oral cooperation agreement that was not fulfilled by the Government. The defendant also states that he was denied the Rule 35 motion for impermissible reasons.

## II.

### A.

"The Government, of course, may not 'ignore or renege on contractual commitments to defendants.'" United States v. Reyes, No. 98-1691, 1999 WL 972673, at *1 (2d Cir. Sept. 22, 1999) (summary order). However, in this case, the defendant's

4

allegations that there was a cooperation agreement are not credible, and there is no basis to find that such an agreement existed.

The defendant's claim that he had an agreement with AUSA Bode is not supported by Bode, nor by the defendant's own attorney, Alfaro. Bode swears that he did not promise the defendant to make a motion for reduction of sentence under Rule 35 and that it is generally not his practice to make such promises but instead to advise the defendant that any motion must be made by the AUSA in the district in which the defendant was convicted -- in this case, the SDNY. Bode Decl. ¶ 4. Bode further swears that his evaluation of the information the defendant provided to him regarding Patemuro was "limited in its utility and relevance," and that, consequently, the defendant was never included in the Giglio disclosure of possible witnesses for Patemuro's trial, nor did the government intend to call him as a witness. Bode Decl. ¶ 3. Bode adds that the AUSAs from the SDNY who had prosecuted Ramirez expressed concerns about Ramirez's credibility. Bode Decl. ¶ 3.

AUSA Bode's declaration is supported by the defendant's attorney, Alfaro. Alfaro swears that he accompanied the defendant to the debriefing session with Bode about Patemuro, after which the defendant was informed "that his information was useful and that a decision to call him as a witness would be

considered after speaking with the U.S. Attorney's Office for the Southern District of New York." Alfaro Decl. ¶¶ 3-4, 6. However, Alfaro does not swear that any Government representative promised to make a Rule 35 motion for the defendant. Rather, Alfaro testifies that he was "subsequently advised by ASUA Allan Bode that Mr. Ramirez would not be called as a witness because of opposition by the U.S. Attorney's Office to recognize any substantial assistance for his information or potential testimony." Alfaro Decl. ¶ 7. Alfaro swears that Bode "advised that he could not in good faith call [the defendant] as a witness knowing that he would not be getting any credit for his information." Alfaro Decl. ¶ 7.

With respect to his debriefings with FBI agent Gonzalez in 2008 and 2009, the defendant swears that Gonzalez and another FBI agent "promised" him a Rule 35 motion. Ramirez Aff. ¶ 3. However, FBI agents cannot make binding promises on behalf of the Government to provide a Rule 35 motion to a defendant without explicit authorization from the relevant U.S. Attorney's Office. See Reyes, 1999 WL 972673, at *1 (defendant's statement that the FBI "promised" him a Rule 35 motion was insufficient to show there was any agreement between the defendant and the U.S. Attorney's Office for the EDNY); Arriaga v. United States, No. 08-cv-4388 (FB), 2009 WL 890652, at *1 (E.D.N.Y. Feb. 26, 2009) (collecting cases). The defendant does not state that he ever

6

met with anyone in the U.S. Attorney's Office where Castro was arrested or was called as a witness in Castro's trial. See Reyes, 1999 WL 972673, at *1.

Furthermore, it is not credible that the defendant would have waited until 2016 to bring a motion to compel the Rule 35 motion if he had entered into an oral cooperation agreement with the Government more than six years ago.

Accordingly, there is no credible evidence that there was any cooperation agreement between the defendant and the Government requiring the Government to make a Rule 35 motion based on the defendant's substantial assistance.

**B.**

Second, there is no support for the defendant's argument that the prosecutors refused to provide a Rule 35 motion for impermissible reasons. See United States v. Wade, 504 U.S. 181, 185-86 (1992) (district courts have authority to review a refusal to file a substantial assistance motion if the refusal was based on an impermissible motive, such as the defendant's race or religion or a reason not rationally related to any legitimate Government end); United States v. Brechner, 99 F.3d 96, 99 (2d Cir. 1996) ("[D]efendants who have no cooperation agreement are entitled to assurance that the government's motion is not withheld for some unconstitutional reason."). Before being granted relief, discovery, or an evidentiary hearing, the

7

defendant must make a "substantial threshold showing" that the Government's action was based on such an impermissible reason. Wade, 504 U.S. at 186.

In this case, the defendant has made no credible showing that the Government failed to make a Rule 35 for any impermissible reason. To the contrary, there is ample evidence in the record that AUSA Bode chose not to call the defendant because he did not believe the defendant was a credible witness and did not think his potential testimony was useful. Bode swears that he decided not to call the defendant as a witness because he thought "Ramirez's information was limited in its utility and relevance" and also because the SDNY AUSAs who prosecuted the defendant "expressed concerns regarding Ramirez's credibility." Bode Decl. ¶ 3.

That view is supported by the defendant's history before this Court, in which his credibility has been called into question on at least two occasions. First, in March 2006, the Court held a Fatico hearing to resolve factual disputes relating to the defendant's sentence. Based on evidence offered at the hearing, the defendant's sentence was enhanced for obstruction of justice because the Court found that the defendant had "attempted to get one of his cohorts to lie to federal investigators about his relationship with [Ramirez] and offered

8

money to the wife of another cohort." Ramirez, 2011 WL 1795145 at *4-5.

Additionally, in a habeas petition filed by the defendant after he was sentenced, the defendant contended that his plea agreement contained a provision stating that the Government would consider filing a motion pursuant to U.S.S.G. § 5K1.1 or Rule 35 based on his cooperation. This Court found that contention to be unsupported by the record. The plea agreement contained no such provision and the defendant's attorney submitted a declaration stating that the defendant's "plea agreement did not foresee any possibility of credit for cooperation." Id. at *9.

Accordingly, there is ample support for Bode's contention that he did not call the defendant as a witness because the defendant was not credible, which is a permissible and rational basis for that decision.

There is also no credible support for the defendant's claims that AUSA Goldberg wrongfully blocked the defendant's ability to obtain a Rule 35 motion. To the extent that the defendant claims that Goldberg had any input into the Government's decision not to make a Rule 35 motion based on the defendant's efforts to cooperate in Miami or in the Eastern District of New York, there is no credible allegation that this input was motivated by any reason other than a justified

9

skepticism about the defendant's credibility. Indeed, AUSA Bode declared that the prosecutors from the SDNY "expressed concerns regarding Ramirez's credibility." Bode Decl. ¶ 3; see also Wade, 504 U.S. at 186 (defendant is not entitled to discovery or an evidentiary hearing where he made only "generalized allegations of improper motive").

To the extent that the defendant argues that he has provided, or has been willing to provide, substantial assistance to the Government and that he deserves a Rule 35 motion on that basis, that argument is without merit. Claims of substantial assistance alone are not sufficient even to entitle a defendant to an evidentiary hearing. See Wade, 504 U.S. at 186.

Accordingly, there is no credible evidence that any decision not to make a Rule 35 motion on the defendant's behalf was based on an impermissible basis or was wrongfully withheld by the Government. Therefore, the defendant has failed to show that he is entitled to an evidentiary hearing or indeed any relief based on his conclusory allegations.

## CONCLUSION

The defendant's motion to compel the Government to file a Rule 35 motion to reduce the defendant's sentence based on alleged substantial assistance is **denied**.

**SO ORDERED.**

**Dated:** **New York, New York**
**November 8, 2017**

_____
John G. Koeltl
United States District Judge